WILLIAM B. WILKES, Exor., &c., *v.* THOMAS COOPWOOD.

1. JUDGMENT: RES ADJUDICATA: STATUTE ALLOWING A YEAR AFTER RE-
VERSAL TO COMMENCE A NEW ACTION CONSTRUED: CASE IN JUDGMENT.—
If, upon the reversal by this court of a judgment rendered in the Circuit
Court for a plaintiff, a judgment be here entered for defendant upon a
verdict which had been given for him in the court below, the judgment so
entered for defendant is a final and conclusive bar to another suit for the
same cause of action; and the statute which allows a plaintiff one year,
after the reversal in this court of a judgment rendered in his favor in the
Circuit Court, in which to institute a new action, does not apply to such a
case.

ERROR to the Circuit Court of Monroe county. Hon. J. M.
Acker, judge.

*Sale* and *Phelan,* for plaintiff in error,
Cited 16 Pick. 383; Angell on Lim. 343; 31 Miss. R. 662.

*Houston* and *Reynolds,* for defendant in error,
Relied on 2 Saund. Pl. 612, 613; *Agnes* v. *McElroy,* 16 S.
& M. 552; *Johnston* v. *White,* 13 S. & M. 584; *Mosby* v. *Wall,*
23 Miss. R. 82; *Baldwin* v. *Coopwood,* 25 Id. 131; 2 Parsons
Con. 231, 232, to show that the judgment was a bar to this
action.

HANDY, J., delivered the opinion of the court:
This action was instituted on the 17th of November, 1856, to
recover certain sums of money alleged to be due the plaintiff's
testator, Mark Prewitt, by the defendant, for money paid and
expended, and for work and labor. The declaration avers that
on the 12th April, 1847, an action was instituted by the plain-
tiff's testator, in his lifetime, against the defendant; that on the
28th March, 1855, a judgment was rendered in favor of the
plaintiff's testator, in that suit, for two thousand two hundred
and ninety dollars, from which the defendant took an appeal
to this court, where the judgment was reversed on the 18th

February, 1856; and that the present action was instituted on the same cause of action, within a year after said reversal, by virtue of the statute authorizing the reinstitution of suit in such cases. The defendant pleaded to this, amongst other pleas, that at the March term, 1853, of the Circuit Court of Monroe county, a judgment was rendered in favor of the defendant against the plaintiff's testator for costs in an action brought by him against the defendant for the same causes of action on which this action is founded, which judgment was still in full force and unreversed; and further, that at the same term of the said Circuit Court, and in an action brought by said testator against the defendant for the same causes of action on which this action is founded, a verdict was rendered for the defendant, and on the 20th March, 1856, a judgment was rendered in this court in favor of the defendant on that verdict, and that the same remains in full force and unreversed. To these pleas the plaintiff replied, that the verdict and judgment in the pleas mentioned were a portion of the proceedings in the previous suit between the plaintiff's testator and the defendant referred to in the plaintiff's declaration in this case. The defendant demurred to these replications, the demurrer was sustained, and judgment rendered for the defendant, upon the plaintiff declining to plead over.

The question now is, whether the court erred in sustaining the demurrer.

The facts in relation to the two judgments mentioned in these pleadings do not appear to be set forth with clearness or certainty.

It appears, by the pleas, that a verdict and judgment were rendered for the defendant in a suit upon the same causes of action embraced in this action, and that judgment was rendered thereon in this court, which remains in full force. This would certainly be a bar to a subsequent action founded upon the same causes of action. But the plaintiff replies that this judgment was a part of the same proceedings referred to in the declaration, by which the judgment in his favor was reversed in this court; and this is admitted by the demurrer. It thus appears that two judgments were rendered in the same cause in this court, one reversing the judgment of the Circuit Court

rendered in March, 1855, in favor of the plaintiff's testator, and one rendering judgment in favor of the defendant and against the plaintiff's testator upon a verdict rendered in the Circuit Court in the same cause at March term, 1853. How this was done does not clearly appear by the pleadings. But it is clear that the only fact stated in the replications—to wit, that the judgment rendered in this court for the defendant was a part of the same case in which the judgment in favor of the plaintiff's testator was reversed—is not a sufficient answer to the bar created by the judgment for the defendant. That it was a part of the same proceeding and rendered in the same action, does not the less render it a bar to the same demands in a subsequent action.

It is insisted in behalf of the plaintiff in error that the statute (Rev. Code, 401, Art. 19) authorizes the institution of a new action after the reversal of the plaintiff's judgment and within one year thereafter. But the pleadings here not only show that the plaintiff's judgment was reversed, but that a judgment or verdict was rendered for the defendant in the previous suit. Such a case is clearly not within the statute; for the judgment for the defendant must be presumed to have been rendered on the merits of the demand, as it was upon verdict; and such a judgment, remaining in full force, is in law a final and conclusive bar to another action on the same account; and this right to the defendant was not intended to be disturbed by the provisions of this statute.

Judgment affirmed.